IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALISSA HOHEISEL, individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CROWN ROOFING & SOLAR LLC, a Kansas limited liability company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## **CLASS ACTION COMPLAINT**

Plaintiff Alissa Hoheisel ("Hoheisel" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Crown Roofing & Solar LLC ("Crown Roofing & Solar" or "Defendant") to stop Crown Roofing & Solar from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited telemarketing phone calls to consumers without their consent, including calls to consumers registered on the National Do Not Call Registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by Crown Roofing & Solar's conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**PARTIES**

1. Plaintiff Hoheisel is a Goddard, Kansas resident.

2. Defendant Crown Roofing & Solar is a Kansas limited liability company headquartered in Wichita, Kansas. Defendant conducts business throughout this District.

1

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant and Plaintiff both reside in this District and the calls at issue were directed to and from here.

## INTRODUCTION

5. As the Supreme Court explained in a recent case, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 4.6 billion robocalls were placed in October 2023 alone, at a rate of 148.7 million per day. www.robocallindex.com (last visited November 26, 2023).

10. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. Crown Roofing & Solar is a roofing company that provides roofing and solar services for consumers throughout Kansas.[3]

14. Crown Roofing & Solar places telemarketing calls to consumers to generate business.

15. Crown Roofing & Solar places unsolicited telemarketing calls to consumers who registered their phone numbers on the DNC, as per Plaintiff's experience.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.crownroofingict.com/

3

16. To avoid liability for its illegal telemarketing practices, Crown Roofing & Solar does not disclose its company name when placing unsolicited calls, as per Plaintiff's experience.

17. In response to these unsolicited telemarketing calls, Plaintiff files this class action lawsuit seeking injunctive relief, requiring Defendant to cease from placing unsolicited calls to consumers' cellular telephone numbers, and otherwise call consumers registered on the DNC, as well as an award of statutory damages to the members of the Class.

## PLAINTIFF'S ALLEGATIONS

18. Plaintiff Hoheisel is the subscriber and sole user of the cell phone number ending with 0252.

19. Plaintiff Hoheisel registered her cell phone number on the DNC on June 16, 2010.

20. Plaintiff Hoheisel has owned her cell phone number for over 13 years.

21. Plaintiff Hoheisel uses her cell phone number for personal use only as one would use a landline telephone number in a home, including to communicate with friends and family.

22. The calls that Plaintiff Hoheisel received from the Defendant were all received more than 31 days after Plaintiff registered her cell phone number on the DNC.

23. On November 19, 2023 at 6:51 PM, Plaintiff Hoheisel received an unsolicited telemarketing call from the Defendant to her cell phone, from 316-232-3867.

24. When Plaintiff answered this call, the caller stated that he was with a roofing company that was in the area to provide roof repair services due to a storm that had come through the area.

25. Plaintiff asked the caller how he acquired her contact information and he responded that it was public information, mentioning Plaintiff's home address and the call ended.

26. Plaintiff Hoheisel called 316-232-3867 right back at 6:52 PM and the same caller answered. Plaintiff asked again how her phone number was acquired and the caller claimed that it was none of her business. The call then ended.

27. On November 20, 2023 at 10:18 AM, Plaintiff Hoheisel received a 2nd unsolicited telemarketing call from the Defendant to her cell phone, from 316-232-3819.

28. As with the first call, this call was regarding roof repair services based on a storm that had allegedly come through the area.

29. Plaintiff Hoheisel told the caller not to call her phone number.

30. In response, and when the caller heard Plaintiff's baby crying in the background, he told her that she should be dealing with the baby instead of telling him not to call and the call ended.

31. Plaintiff Hoheisel heard from other people in her neighborhood that they were receiving similar calls. In fact, one neighbor claimed that the calls were from Crown Roofing & Solar because that same neighbor agreed to have their roof inspected.

32. On November 21, 2023 at 8:38 AM, Plaintiff Hoheisel called 316-232-3867 and the call was answered by the same employee she had spoken to on November 19 and November 20, 2023.

33. Plaintiff Hoheisel asked the caller what company he works for and she was told it is Crown Roofing of Wichita.

34. Plaintiff Hoheisel has never provided her cell phone number or consent to be called by to Crown Roofing & Solar.

35. Plaintiff was not seeking roofing services.

36. The unauthorized calls that were placed by Crown Roofing & Solar, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed her use and enjoyment of her phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

37. Seeking redress for these injuries, Hoheisel, on behalf of herself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited telemarketing calls to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

38. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called more than one time within any 12 month period, (2) on the person's residential telephone number, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

39. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

40. **Numerosity**: On information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

41. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not necessarily limited to the following:

> (a) whether Defendant systematically placed calls to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call registry;
>
> (b) whether the calls constitute telemarketing;
>
> (c) whether Defendant's conduct constitutes a violation of the TCPA;
>
> (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

42. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

43. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as

wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Hoheisel and the Do Not Call Registry Class)**

44.  Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

45.  The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."

46.  47 C.F.R. § 64.1200(e), provides that § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[4]

47.  Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were

---

[4] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf (last visited Sept. 16, 2022).

promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

48. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, phone call solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

49. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one phone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $1,500 in damages for such violations of 47 C.F.R. § 64.1200.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Class;

c) An order declaring that Defendant's actions, as set out above, violated the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff request Kansas City, Kansas as the place of trial.

## JURY DEMAND

Plaintiff requests a jury trial on all issues so triable.

Respectfully Submitted,

**ALISSA HOHEISEL**, individually and on behalf of all other similarly situated individuals.

Dated: December 22, 2023

MCN LAW LLC

By: */s/ M. Cory Nelson*
M. Cory Nelson, Dist. Kan. # 78428
12433 Antioch Rd. # 25442
Overland Park, KS 66225
Email: mcorynelson@mcnlawllc.com
Tel: 913-358-5800

*Local Counsel for Plaintiff and the putative Classes*

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

*Pro Hac Vice motion forthcoming